UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY KENNARD,

      Plaintiff,

                                            Case No. 2:20-cv-12621

v.                                         Hon. Sean F. Cox

REBECCA K. SMITH, *ET AL.*,

      Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff, Rodney Kennard, is incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. Plaintiff sues four individually-named employees of the Michigan Department of Corrections, claiming that they acted with deliberate indifference to a broken bone in his hand. The Court will summarily dismiss the case for plaintiff's failure to state a claim.

## I. Standard of Decision

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id.,* it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the

elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II. Complaint

The complaint names four defendants: (1) RN Rebecca K. Smith, (2) RN Tamara K Ruiz, (3) RN June R. Galbraith, and (4) Nurse Practitioner Darrel J. Barrows. (ECF No.1, PageID.2.)

Plaintiff claims that on September 13, 2018, he injured his hand in a door while working at the kitchen in the St. Louis Correctional Facility. He went to the health care unit where he was seen by defendant Barrows. Barrows gave him an ace wrap with clips, and she instructed plaintiff to ice his hand three-times a day and to take ibuprofen. (Id., PageID.6.) Plaintiff was seen again by defendant on September 17, 2018, when he thought he would receive an x-ray. Instead, he claims, Smith cancelled the x-ray because she thought plaintiff expressed that his injury (*Id*.)

When plaintiff nevertheless still experienced pain in his hand, he was seen again at the health care unit by defendant Ruiz on September 25, 2018. (*Id*., PageID.7.) Plaintiff claim that Ruiz finally ordered the x-ray be taken, and she directed plaintiff to take ibuprofen again. Plaintiff asserts that on October 1, 2018, the x-ray showed a small fracture on his second metacarpal in his left hand. On October 2, 2015, he was given a splint to keep his hand immobilized. (*Id*.)

Plaintiff was seen by defendant Galbraith on October 19, 2018. He asserts that she refused to prescribe him pain medication. X-rays taken on October 28 and November 13, 2018, showed that the fracture was healing. Defendant Barrows took plaintiff's splint on November 19, 2018, though he claims that it was not yet fully healed. (*Id*.)

Plaintiff attaches MDOC records to his complaint. The records indicate that during the September 13 appointment defendant Barrows instructed plaintiff to follow-up on September 17 to determine whether an x-ray was indicated for his hand. (*Id*., PageID.19.) Barrows treated the injury with an ACE wrap, a detail for ice, a temporary work restriction, and analgesics. (*Id*.) When Smith saw plaintiff on September 17, she noted "some improvement," and she directed plaintiff to exercise the hand, use a warm compress, and take ibuprofen. (*Id*.) Smith directed plaintiff to notify health care if he experienced increased swelling or pain. When plaintiff reported again on September 25, an x-ray was ordered which was performed on October 1. The x-ray revealed a fracture, so a splint was put on plaintiff's hand to immobilize it. Follow-up x-rays were performed on October 28 and November 13, which showed that the fracture was healing. The splint was subsequently removed so that plaintiff could do light exercises to help rebuild strength in his hand. (*Id.*)

### III. Discussion

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97 (1976), that the deliberate indifference to a serious medical need of a prisoner constitutes unnecessary and wanton infliction of pain in violation of the Eighth Amendment. The Court explained that "[t]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id*. at 105.

The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Stewart v. Love*, 696 F.2d 43, 44 (6th Cir. 1982). Mere inadequate medical treatment is not sufficient to state a violation of the Eighth Amendment. In *Estelle*, the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (emphasis added) (quotations omitted).

As recognized in *Estelle*, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical

4

treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*

In this case, plaintiff's allegations indicate that he received medical attention for his injured hand. His complaint indicates that he was seen in the health care unit approximately once a week from September 13 to the end of October. He was initially given a wrap and ice, and when the hand did not improve he was scheduled for an x-ray. The x-ray revealed the fracture, and a splint was placed on plaintiff's hand. The fracture then healed. Plaintiff's disagreement with the type of medical care given is insufficient to state a claim of constitutional magnitude. Any alleged initial delays in diagnosing or treating the fracture or prescribing pain medication (beyond the medicine available over the counter) does not assert facts indicating deliberate indifference. *O'Bryan v. Federal Bureau of Prisons*, 2007 WL 2571906, *13 (E.D. Ky. Sept. 4, 2007) (finding five-month delay between broken wrist injury and consultation with surgeon did not show deliberate indifference); *Liefsting v. Bokhari*, 2006 WL 1193176, *3 (E.D. Pa. May 3, 2006) (finding two-month delay in medical treatment for broken foot despite "sick-call-slips" did not allege deliberate indifference); *Jackson v. Runnells*, 2005 WL 1712268, *4-5 (E.D. Cal. July 18, 2005) (holding that doctor was not deliberately indifferent when he initially prescribed ibuprofen for a foot injury and waited a month to see the prisoner again at which time he diagnosed the injury as a broken foot); *Rodriguez v. Ames*, 224 F. Supp. 2d 555, 561-63 (W.D. N.Y. 2002) ("Neither a one-week delay in scheduling an appointment to see a specialist nor a 15-day delay in sending an inmate to an emergency room for treatment of a broken hand constitutes Eight Amendment deliberate indifference").

Petitioner has therefore failed to allege facts that any of the defendants acted with deliberate indifference with respect to the fracture in his hand.

### IV. Conclusion

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will dismiss the complaint for Plaintiff's failure to state a claim.

**SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Court

Dated: November 2, 2020